**Mitchell S. DRUCKER, Ronald Drucker, and William V. Minerva, Defendants–Appellants,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee.**

No. 08–0942–cv.

United States Court of Appeals, Second Circuit.

Sept. 21, 2009.

Hope Hall Augustini, Washington, D.C., for Appellee.

Steven A. Feldman, Uniondale, NY, for Appellants Mitchell S. Drucker and Ronald Drucker.

William V. Minerva, Nesconset, NY, Pro Se.

Present: CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges and PAUL G. GARDEPHE, District Judge.*

## SUMMARY ORDER

This is an insider trading case brought by the Securities and Exchange Commission ("SEC") pursuant to section 17(a) of the Securities Act of 1933 and Section

---

* The Honorable Paul G. Gardephe, United States District Court for the Southern District of New York, sitting by designation.

10(b) of the Securities and Exchange Act of 1934. Defendant Mitchell Drucker is the former Associate General Counsel of NBTY, Inc., a publicly traded company. Defendant Ronald Drucker is Mitchell Drucker's father, and "relief" Defendant William V. Minerva is an acquaintance of Mitchell Drucker.[1] The SEC's theory of the case was that, during the course of his employment, Mitchell Drucker obtained confidential information relating to NBTY's failure to meet one of its quarterly earnings targets, and then engaged in illegal trading activity based on that material, non-public information.

Defendants appeal the judgment that was entered against them following a jury trial. They raise two principal challenges to the proceedings below: (1) the district court erred in denying their motion for judgment as a matter of law relating to the sufficiency of the evidence; and (2) the posttrial relief ordered by the district court was excessive. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

With respect to Defendants' challenge to the sufficiency of the evidence, we review *de novo* a district court's ruling on a motion for judgment as a matter of law. *See, e.g., Advance Pharm., Inc. v. United States*, 391 F.3d 377, 390 (2d Cir.2004). In doing so, the record is reviewed "in the light most favorable to the opposing party, assuming all reasonable inferences were drawn and all credibility disputes resolved in its favor." *Id.*

The crux of Defendants' argument is that there was insufficient evidence to support the jury's conclusion that Mitchell Drucker possessed confidential information relating to NBTY prior to the time of the illicit trades on the afternoon of October 18, 2001. However, the SEC offered evidence of two sets of circumstances through which Mitchell Drucker could have obtained the information in question.

First, there was evidence to support a reasonable inference that, on the afternoon of October 18, 2001, Mitchell Drucker overheard a phone call relating to the manner in which NBTY would disclose its earnings shortfall. Second, there was witness testimony that "close to lunchtime" on October 18, NBTY's Chief Financial Officer held a meeting with Mitchell Drucker and NBTY's General Counsel, during which they began to draft the press release regarding NBTY's quarterly earnings. Although there was conflicting evidence relating to both of these events, the jury was entitled to credit the testimony supporting the SEC's position. Therefore, Judge McMahon did not err by denying Defendants' motion for judgment as a matter of law with respect to the sufficiency of the evidence.

██ Following the jury's verdict, Judge McMahon entered a judgment and order that: (1) required Defendants to pay $201,146.34 in disgorgement and pre-judgment interest; (2) imposed a $394,486 civil penalty upon Mitchell Drucker; (3) enjoined both Mitchell and Ronald Drucker from violating the federal securities laws;

1. The SEC typically names "relief" or "nominal" defendants in enforcement actions in order to facilitate disgorgement and other types of recovery sought by the Commission, even if these defendants are not alleged to have engaged in wrongdoing. *See SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir.1998) ("Federal courts may order equitable relief against a person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds."). Minerva, who is pursuing this appeal on a *pro se* basis, submitted a letter to the Court joining the other Defendants' arguments in their entirety, and he raises no independent contentions challenging the proceedings below.

and (4) barred Mitchell Drucker from serving as an officer or director of a publicly traded company. Defendants argue that the terms of this judgment are excessive and unduly punitive.

A district court's imposition of posttrial relief in this context is reviewed for abuse of discretion. *See SEC v. Lorin,* 76 F.3d 458, 461–62 (2d Cir.1996) (disgorgement and injunctive relief); *SEC v. Kern,* 425 F.3d 143, 153–54 (2d Cir.2005) (civil penalties). As to the disgorgement calculation, we concur with Judge McMahon's finding that the decline in the price of NBTY's stock between October 18 and 22, 2001 was sufficiently "connected to the news (first rumored, then confirmed) about the shortfall in NBTY's earnings." Based on that finding, Judge McMahon did not abuse her discretion by ordering Defendants to disgorge the value of the approximately 41% that NBTY's stock price declined when the market learned of the company's earnings shortfall. The related civil penalty imposed upon Mitchell Drucker—amounting to twice the total disgorgement amount—was within the statutory limitations and reasonable based on the record. *See* 15 U.S.C. § 78u–1(a)(2). Lastly, Judge McMahon's findings with respect to the injunctive relief entered against Mitchell Drucker are not inconsistent with the standards previously articulated by this Court. *See, e.g., SEC v. Patel,* 61 F.3d 137, 140–42 (2d Cir.1995). Therefore, the Court finds no error in the posttrial relief ordered by Judge McMahon.

The Court has reviewed Defendants' remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**